**SEALED**

REDACTED COPY

**FILED**

November 15, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ___MR___
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**Case No: SA:23-CR-00598-FE**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>(1) ALCAPONE MAXIMUS PENA<br>(2) NATHAN TYLER PADILLA<br><br>Defendants | **No.**<br><br>**INDICTMENT**<br><br>**COUNT 1:** 18 U.S.C. § 933<br>Conspiracy to Traffic Firearms<br><br>**COUNT 2:** 18 U.S.C. § 922(o)<br>Possession of a Machinegun<br><br>**COUNT 3:** 18 U.S.C. § 922(j)<br>Possession of Stolen Firearms<br><br>**COUNT 4:** 18 U.S.C. § 922(g)(1)<br>Possession of Ammunition by a Felon<br><br>**COUNT 5:** 26 U.S.C. § 5861(d)<br>Possession of Unregistered Firearm<br><br>**COUNT 6:** 18 U.S.C. § 922(o)<br>Possession of a Machinegun<br><br>**COUNT 7:** 18 U.S.C. § 922(j)<br>Possession of Stolen Firearms |

THE GRAND JURY CHARGES:

### COUNT ONE
### [18 U.S.C. § 933]

From on or about January 26, 2023, the exact date being unknown, to on or about October

14, 2023, in the Western District of Texas, Defendants,

**(1) ALCAPONE MAXIMUS PENA**
**(2) NATHAN TYLER PADILLA**

did knowingly conspire to ship, transport, transfer, cause to be transported, and otherwise dispose

of any firearm to another person in and affecting interstate and foreign commerce, having

reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would

constitute a felony, to wit: possession of a stolen firearm, in violation of Title 18, United States

Code, Sections 933(a)(1) and 933(a)(3).

## COUNT TWO
### [18 U.S.C. § 922(o)]

On or about the 25th day of October, 2023, in the Western District of Texas, the defendant,

### (1) ALCAPONE MAXIMUS PENA

did knowingly possess a machinegun, that is, a Glock pistol, which was equipped with a conversion

device that made it capable of firing automatically more than one shot, without manual reloading,

but a single function of the trigger, in violation of Title 18, United States Code, Sections 922(o)

and 924(a)(2).

## COUNT THREE
### [18 U.S.C. § 922(j)]

On or about the 25th day of October, 2023, in the Western District of Texas, the defendant,

### (1) ALCAPONE MAXIMUS PENA

knowingly possessed at least one stolen firearm, that is:

- a Glock model 19 Gen 4 pistol, 9x19 mm caliber, serial number BHSS350;
- a Glock model 19 Gen 4 pistol, 9x19 mm caliber, serial number BDHW127;
- a Glock model 43 pistol, 9x19 mm caliber, serial number ZXM742 ;
- a Glock model 27 pistol, .40 caliber, serial number WAF087;
- a Glock model 19X pistol, 9x19 mm caliber, serial number BXHC553;
- a Glock model 19 pistol, 9x19 mm caliber, serial number UVU252;
- a Glock model 43X pistol, 9x19 mm caliber, serial number BUEN186; and
- a Glock model 17 Gen 4 pistol, 9x19 mm caliber, serial number BFEM971,

which had been shipped and transported in interstate commerce, knowing and having reasonable

cause to believe the firearm was stolen, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

## COUNT FOUR
### [18 U.S.C. § 922(g)(1)]

On or about the 25th day of October, 2023, in the Western District of Texas, the defendant,

### (2) NATHAN TYLER PADILLA

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess ammunition, that is, five rounds of ammunition headstamped "WIN" or "PPU" at the 12 o'clock position and "9mm LUGER" at the 6 o'clock position, 9x19 mm caliber, said ammunition having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT FIVE
### [26 U.S.C. § 5861(d)]

On or about the 26th day of September, 2023, in the Western District of Texas, the defendant,

knowingly received and possessed a firearm, to wit: a rifle having a barrel less than sixteen inches in length, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT SIX
### [18 U.S.C. § 922(o)]

On or about the 26th day of September, 2023, in the Western District of Texas, the

defendant,

did knowingly possess a machinegun, that is, a Glock pistol, which was equipped with a conversion device that made it capable of firing automatically more than one shot, without manual reloading, but a single function of the trigger, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT SEVEN
### [18 U.S.C. § 922(j)]

On or about the 26th day of September, 2023, in the Western District of Texas, the defendant,

knowingly possessed at least one stolen firearm, that is:

- a Glock model 45 pistol, 9x19 mm caliber, serial number AFPY412;
- a Springfield Armory model Hellcat pistol, 9x19 mm caliber, serial number BB261729;
- a Springfield Armory model XD-40 pistol, .40 caliber, serial number XD304322;
- a SIG model P225 pistol, 9x19 mm caliber, serial number M 585 471;
- a SIG model P365X pistol, 9x19 mm caliber, serial number 66F260692; and
- Beretta model 21A Bobcat pistol, .22 LR caliber, serial number BES 73154 U,

which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
### [*See* Fed. R. Crim. P. 32.2]

### I.
### Firearm Violations and Forfeiture Statutes
### [Title 18 U.S.C. §§ 922(g)(1), (o), (j), and 933(a) subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts One through Four, Six, and Seven, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . (j) . . . (o) . . . of section 922 . . . or 933 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

## II.
## Firearm Violations and Forfeiture Statutes
### [Title 18 U.S.C. § 933(a) subject to forfeiture pursuant to Title 18 U.S.C. § 934(a)(1)(A) and (B)]

As a result of the criminal violation set forth in Count One, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. Forfeiture and Fines.**
> **(a) Forfeiture. --**
> **(1) In general.** -- Any person convicted of a violation of section 932 or 933 shall forfeit   to the United States, irrespective of any provision of State law--
> (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
> (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . .

### III.
### Unregistered Possession Violations and Forfeiture Statutes
**[Title 26 U.S.C. § 5861(d), subject for forfeiture pursuant to Title 26 U.S.C. § 5872(a), made applicable to criminal forfeiture by Title 281 U.S.C. § 2461(c)]**

As a result of the criminal violation set forth in Count Five, the United States of America gives notice to the Defendant                                     of its intent to seek the forfeiture of property, including the items listed below, upon conviction and as part of sentencing, pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

**Title 26 U.S.C. § 5872.  Forfeitures**
**(a) Laws applicable.**—Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture . . . .

### IV.
### Personal Property

This Notice of Demand for Forfeiture includes, but is not limited to, the following property:

1. Glock model 19 Gen 4 pistol, 9x19 mm caliber, serial number BHSS350;
2. Glock model 19 Gen 4 pistol, 9x19 mm caliber, serial number BDHW127;
3. Glock model 43 pistol, 9x19 mm caliber, serial number ZXM742 ;
4. Glock model 27 pistol, .40 caliber, serial number WAF087;
5. Glock model 19X pistol, 9x19 mm caliber, serial number BXHC553;
6. Glock model 19 pistol, 9x19 mm caliber, serial number UVU252;
7. Glock model 43X pistol, 9x19 mm caliber, serial number BUEN186;
8. Glock model 17 Gen 4 pistol, 9x19 mm caliber, serial number BFEM971;
9. Walther CCP pistol, Cal: 9, serial number WK039781;
10. Kimber Ultra + CDP II pistol, Cal: 45, serial number KU208647;
11. Glock GMBH 22CGEN4 pistol, Cal: 40, serial number UKE603;
12. Glock GMBH 17GEN5 pistol, Cal: 9, serial number BWXV234;
13. PARS-MFG Bull-dog Shotgun, Cal: 12, serial number 12BD20-8301;
14. Glock Inc. 42 pistol, Cal: 380, serial number AGFK821; and
15. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

### V.
### Money Judgment

**Money Judgment:**  A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the

violation set forth in Count One for which each Defendant is solely liable.

## VI.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violation set

forth above, as a result of any act or omission of the Defendant:

     a.    cannot be located upon the exercise of due diligence;
     b.    has been transferred or sold to, or deposited with, a third party;
     c.    has been placed beyond the jurisdiction of the court;
     d.    has been substantially diminished in value; or
     e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the

value of the money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R.

Crim. P. 32.2(e)(1).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY:    _____
FOR ZACHARY W. PARSONS
Assistant United States Attorney